IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ALVIN JAMES JOHNSON,                )
                                    )
      Plaintiff,                 )
                                    )
      v.                         )    CIVIL ACTION NO. 2:09-CV-385-TMH
                                    )                 [WO]
                                    )
DISTRICT ATTORNEY ELLEN BROOKS      )
and DETECTIVE MIKE MYRICK,          )
                                    )
      Defendants.                )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Alvin James

Johnson ["Johnson"], a pre-trial detainee presently confined in the Montgomery County

Detention Facility on capital murder charges.  In this complaint, Johnson asserts the State of

Alabama, thorough its representative district attorney, has failed to properly respond to a

motion for production of discovery filed on May 27, 2008 in his pending criminal case.

Johnson argues that such failure is violative of *Brady v. Maryland*, 373 U.S. 83 (1963) and

the state rules of criminal procedure.  Johnson names Ellen Brooks, the district attorney of

Montgomery County, Alabama, and Mike Myrick, a detective with the Montgomery Police

Department, as defendants in this cause of action.  Johnson seeks judgment in his favor, i.e.,

declaratory relief, and monetary damages for the alleged violation of his constitutional rights.

*Plaintiff's Complaint - Court Doc. No. 1* at 5.

Upon review of the allegations contained in the complaint, the court concludes that this case is due to be dismissed prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

## I.  DISCUSSION

### A.  Pending Criminal Case

Johnson challenges the constitutionality of discovery responses in a capital case presently before the state courts of Montgomery County, Alabama.  Any decision issued by this court on the merits of Johnson's claim for relief would interfere with the state courts in their conduct of proceedings regarding the pending capital case.  Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."  The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions."  *Id*. at 43.  In this case, Johnson has an adequate remedy at law because he may pursue his federal constitutional issue through the state court system.  *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985).  Specifically, Johnson may present his claim throughout the on-going state criminal

---

[1] The court granted Johnson leave to proceed *in forma pauperis*.  *Court Doc. No. 3*.  A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

proceedings, including presentation of motions to the district and/or circuit courts, assertion

of claims to the appellate court if dissatisfied with the rulings of the lower courts and

presentation of the claim on direct appeal if he is convicted of the charged offense.

Moreover, the plaintiff has not alleged the existence of any special circumstances which

create a threat of irreparable harm.  The mere fact that Johnson must endure state criminal

proceedings fails to demonstrate irreparable harm.  *Younger*, 401 U.S. at 45.  This court must

therefore abstain from considering the merits of Johnson's complaint as it challenges the

constitutionality of actions with respect to discovery in his pending criminal case.

Consequently, summary dismissal of the instant complaint is appropriate under the provisions

of 28 U.S.C. § 1915(e)(2)(B)(ii).

## B.  Damage Claims

Johnson maintains defendants Brooks and Myrick violated his constitutional rights

by failing to properly respond to his request for production of documents and seeks monetary

damages for their actions.  Defendant Myrick is not a party to the criminal case in which the

motion for production of documents was filed and therefore has no responsibility regarding

filing a response to such motion as such is the sole responsibility of counsel for the State.

*See Rule 16.1, Alabama Rules of Criminal Procedure* (upon written request of the defendant

for statements of the defendant, co-defendant or accomplice, documents or tangible objects,

***the prosecutor*** shall allow the defendant to inspect, analyze and/or copy the requested

material).  Thus, no basis for liability exists regarding defendant Myrick.  *Miller v. King*, 384

F.3d 1248, 1261 (11th Cir. 2004) (an official is not liable under § 1983 "on the basis of ... vicarious liability."); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir.2003) (defendant cannot be held liable on basis of vicarious liablity); *Marsh v. Butler County*, 268 F.3d 1014, 1035 (11th Cir. 2001) (same). Additionally, it is clear from the complaint that the claims made against defendant Brooks emanate from this defendant's representation of the State during criminal proceedings before the state courts of Montgomery County, Alabama.

"A prosecutor is entitled to absolute immunity for all actions [she] takes while performing [her] function as an advocate for the government. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615-16, 125 L.Ed.2d 209 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492, 111 S.Ct. 1934, 1942 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

> [A]bsolute immunity is an entitlement to be free from suit for money damages.... [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions. To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

The actions of defendant Brooks about which the plaintiff complains have been undertaken by this defendant in her role "as an 'advocate' for the state" and such actions "are intimately associated with the judicial phase of the criminal process." *Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998) (citations omitted). Defendant Brooks is therefore "entitled to absolute immunity [from damages] for that conduct." *Id.* Thus, Johnson's request for damages against Ellen Brooks lacks an arguable basis and, as such, is subject to dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke*, 490 U.S. at 327. As previously determined, Johnson is not entitled to declaratory relief with respect to actions occurring in his pending criminal case.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against defendants Brooks and Myrick be DISMISSED with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

2. To the extent Johnson presents a claim challenging the constitutionality of actions occurring in a pending state criminal case, this case be DISMISSED without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before May 18, 2009 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 5th day of May, 2009.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE